**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA :
:
v. : No.: 21-cr-036 (CJN)
:
GINA BISIGNANO :
Defendant. :

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO CONTINUE TRIAL**

The United States of America respectfully opposes Defendant Gina Bisignano's Motion To Continue and To Exclude Time Under the Speedy Trial Act (ECF No. 75), which is, in effect, a motion to stay this trial until at least October 7, 2024.[1] On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. In that case, the Supreme Court will consider the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which the defendant will stand trial starting April 8, 2024. This development does not merit a continuance of the trial scheduled for April 8, 2024.

In addition, the defendant seeks a continuance on the grounds that defense counsel needs additional time to prepare to try the case. But because the charges against the defendant have been pending for years, and because defense counsel has adequate time to prepare for trial, the Court should deny the continuance.

[1] The defendant styles the relief as a motion to continue the trial; however, as it relates to *Fischer*, the motion is properly considered as a motion to stay the proceedings. As defendant acknowledges, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. Accordingly, the stoppage of all proceedings for upwards of six months is not a continuance; it is a stay of the proceedings pending the appeal.

## I. Background and Procedural History

Over three years ago, on January 16, 2021, the defendant was charged via complaint with seven offenses. ECF No. 1. Less than two weeks later, on January 29, 2021, a federal grand jury returned an indictment that charged the defendant with seven counts:

- Count One: 18 U.S.C. §§ 1512(c)(2) & 2 (Obstruction of an Official Proceeding and Aiding and Abetting);
- Count Two: 18 U.S.C. § 231(a)(3) (Civil Disorder);
- Count Three: 18 U.S.C. §§ 1361 & 2 (Destruction of Government Property and Aiding and Abetting);
- Count Four: 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds);
- Count Five: 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds);
- Count Six: 18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in a Restricted Building or Grounds); and
- Count Seven: 40 U.S.C. § 5104(e)(2)(D) (Disorderly and Disruptive Conduct in a Capital Building).

ECF No. 10.

On August 4, 2021, the defendant pleaded guilty to Counts One, Two, Four, Five, Six, and Seven of the Indictment. ECF No. 39. As part of the plea agreement, the United States stated its intention to request that the Court dismiss Count Three of the indictment at the time of sentencing. *Id.* Further, the defendant "agree[d] and acknowledge[d] that the charges to be dismissed at the

time of sentencing were based in fact." *Id.* at 2. As part of the Statement of Offense associated with her plea, the defendant agreed:

> BISIGNANO obstructed, influenced, and impeded an official proceeding, that is, a proceeding before Congress, specifically Congress's certification of the Electoral College vote . . . . BISIGNANO believed that by forcing entry into the Capitol, the crowd could influence, affect, stop or delay what she believed was the Vice President's and the Congress's decision to certify or not to certify the election results. BISIGNANO intended to affect the government by stopping or delaying the Congressional proceeding, and, in fact, did so.

ECF No. 38 at ¶ 14. At the plea hearing, the defendant acknowledged that the information in the Statement of Offense was accurate and that she was, in fact, guilty of the offenses. *See* Transcript of August 4, 2021 Plea Hearing, at 23–24; 36.

On May 20, 2022, the defendant reversed course, filing a motion to withdraw her guilty plea as to Count One of the Indictment. ECF No. 51. The United States opposed. ECF No. 52. The Court held the motion in abeyance, pending the D.C. Circuit's decision in *United States v. Miller*, 21-cr-1119 (CJN).[2] *See* Minute Entry of July 12, 2022. After the D.C. Circuit reversed the ruling in the consolidated case *United States v. Fischer*, 22-3038 (D.C. Circuit 2023), on May

[2] The defendant rightly notes that the United States asked that, if the Court were inclined to allow the defendant to withdraw her guilty plea as to Count One, it hold that decision pending resolution by the D.C. Circuit of the *Fischer* and *Miller* cases. ECF No. 61, at 9. But the defendant wrongly concludes that for the same reasons "it is no less in the interest of justice to delay this trial further until the question of the applicability of section 1512 is finally resolved." ECF No. 75 at 3. The position taken by the government regarding the timing of the withdrawal of the plea was based on very practical considerations that do not apply here. As the government noted, if the decision was not then held in abeyance, this Court, consistent with its decisions in *Miller* and other cases, would likely have dismissed the charge, and the government would have appealed the dismissal back to the D.C. Circuit. The government explained, "That count then gets dismissed, and we add it to the group that is then going before the circuit with *Miller* and the other one or two others. So we end up in a wait-and-see posture anyway . . . ." ECF No. 61 at 10–11. In that case, the delay was inevitable. That same inevitable delay is not attendant here, where the D.C. Circuit has reversed in *Fischer* and the defendant can proceed to trial in April as scheduled.

4, 2023, this Court granted the defendant's motion to withdraw her guilty plea as to Count One. *See* Minute Entry of May 4, 2023.[3] The Court set a trial date for October 30, 2023. *Id.*

Thereafter, the defendant replaced her counsel in July 2023. *See* ECF Nos. 67–70. The Court set the matter for trial on April 8, 2024. *See* Minute Entry of July 26, 2023. Defense counsel did not object or raise any conflicts with his trial schedule. The United States and defense counsel conferred and jointly proposed a pretrial schedule in anticipation of an April 8, 2024 trial date, and the Court issued a pretrial schedule. ECF No. 71 & 72. During those discussions, defense counsel again did not object or raise any conflicts to the trial date. That pretrial scheduling order included a deadline that any motions to dismiss or exclude evidence be filed by December 1, 2023. ECF No. 72. That deadline came and went, without any motions filed by the defendant.

Now, on January 11, 2024—almost three years after being charged, more than eight months after withdrawing her guilty plea, and nearly one month after the Supreme Court's decision to grant certiorari in *Fischer*—the defendant seeks yet another delay, this time pushing the trial to October 2024. ECF No. 75.

## II. Legal Standard

### *A. Motion To Stay*

Staying one case while "a litigant in another [case] settles the rule of law that will define the rights of both" is granted "only in rare circumstances." *Asylumworks v. Mayorkas*, No. 20-CV-3815 (BAH), 2021 WL 2227335, at *5 (D.D.C. June 1, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936))). When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on

[3] As the United States noted at the May 1, 2023 motion hearing, the defendant's motion to withdraw violates the previous plea agreement. Accordingly, the forthcoming trial against the defendant will be with respect to not only Count One, but also Count Three. *See* ECF No. 61 at 5.

the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

*B. Motion To Continue*

Under 18 U.S.C. § 3161(h)(7)(A), the Court can exclude from the time by which trial must commence "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

In considering such a continuance, the Court must consider a number of factors, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny

> the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

## III. Argument

### *A. Motion To Stay*

The defendant's motion should be denied because the relevant factors weigh against her request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to her Section 1512(c)(2) charge. At this time, a panel of the D.C. Circuit has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of th[e] district judges [in the District of Columbia applying Section 1512(c)(2) to the facts of January 6, 2021,] are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided, or that the government's prevailing position is incorrect. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Moreover, one Circuit judge has explained how, even were the Supreme Court to determine that Section 1512(c)(2) requires that the obstructive acts "impair the integrity or availability of evidence" as did the dissenting opinion in *Fischer*, defendants who obstructed the January 6 certification could still be convicted because the counting of electoral votes is undoubtedly a proceeding that involved "the receipt, processing, and verification of evidence"—that is, the electoral college certificates from each state. *See Brock*

*v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring, at 1–2). Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt.

A six-month delay in the proceedings is "substantial." *See United States v. Raymond*, No. 21-cr-380-CKK, 2023 WL 6317850, at *1 (Sept. 28, 2023). This case has been pending since January of 2021—over three years. This case has been substantially delayed already by the defendant's decision to plead guilty and accept responsibility, only to later reverse course. If that delay were not substantial enough, the defendant waited longer to then fire her attorney and get replacement counsel. Within ten days of January 6, 2021, the defendant was charged. Now, over three years after the crime, the American public waits for its day in Court, while the defendant attempts to avoid it.

Additionally, as the defendant notes, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the defendant committed the offenses charged in the Indictment. Moreover, the defendant seeks an even broader delay—to October 2024. Delaying the trial for an additional six months or more would undermine the interests of the public in the timely adjudication of a case of significance.

Obstruction of an official proceeding is not the defendant's only pending charge. In addition to the charges to which her guilty plea was not withdrawn, she also faces a pending charge—to which she has pled not guilty—of destruction of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361 & 2 (Count Three). Regardless of the implications of *Fischer*, the public and the government have a right to resolution of the defendant's other serious charge. And because the evidence on that charge overlaps with the evidence the government would

use to prove the Section 1512 count, the parties should proceed to trial on all counts as currently scheduled. Given that trial is scheduled for April 8, 2024 and sentencing (at which she will be sentenced for her felony violation of 18 U.S.C. § 231(a)(3) in addition to other crimes) would likely not occur until three months after trial, it is unlikely that the defendant would have faced sentencing before *Fischer* is decided in mid-June—all of which further demonstrates that the defendant cannot establish irreparable injury.

The defendant will not suffer any irreparable injury by proceeding with trial as scheduled. Even if the defendant is convicted of obstruction of an official proceeding and if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate the defendant's conviction. And even if it did, the appropriate venue for challenging such a conviction would be a motion to set aside the verdict or a post-sentencing appeal, depending on the timing. In this respect, the defendant "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768–69 (D.C. Cir. 1999).

As Judge Howell recently recognized, a defendant is not "irreparably harmed without a stay" simply "because 'he will be forced to go to trial' before his appeal on violations of his constitutional rights is heard." *United States v. González-Valencia*, No. 16-65-1 (BAH), 2022 WL 3978185, at *6 (D.D.C. Sept. 1, 2022). That is why interlocutory appeals are allowed in only rare cases. A stay does, however, prejudice the government. "The government also faces irreparable

harm because, as more time passes, the government's . . . evidence continues to age, which hurts witnesses' ability to recollect those events clearly at trial." *Id.* at *7.

Any potential irreparable injury to the defendant can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b). Under that statute, a defendant who has been sentenced to a term of imprisonment may be released pending appeal if certain requirements are met, including that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Although the government would likely oppose such a motion—particularly given the defendant's existing guilty plea under Section 231 and if she is convicted of the destruction of property felony under Section 1361—the possibility for release pending appeal is another factor favoring denial of the defendant's motion to stay. The Bail Reform Act—not a stay of the proceedings—is the proper mechanism under which to address any potential prejudice to the defendant.

Ultimately, the defendant's desire to have the Supreme Court resolve *Fisher* before her trial does not outweigh the government's and the public's interest in a speedy trial, particularly as there is a more appropriate mechanism to address this issue should the defendant be convicted at trial. For all these reasons, the defendant's motion to stay trial for six months or more should be denied, and the Court should proceed with trial on April 8, 2024. *See, e.g.*, Order, *United States v. Dunfee*, 23-cr-36 (RBW), ECF No. 59 (D.D.C. Dec. 14, 2023) (denying defendant's oral motion to stay trial pending *Fischer*).

*B. Motion To Continue*

Even if the Court agreed that *Fischer* provided a basis for further delay of this case, the defendant cannot and has not articulated any basis for a delay to October 2024, months after *Fischer* will be decided, on that basis. Instead, defense counsel seeks to continue the case, arguing that "he will not have the time that he believes necessary to prepare to try this case on the current trial date" and that he needs additional time "for effective preparation." ECF No. 75 at 3.

A continuance is not necessary or appropriate under the Speedy Trial Act. As noted, the April 8, 2024 trial date was set almost six months ago. Defense counsel did not object or raise conflicts with the trial date when the parties negotiated the proposed pretrial schedule. Nor did defense counsel raise any conflicts or concerns with the Court until this month. Defense counsel's list of his upcoming trials, *see* ECF No. 75 at 4–5, does not provide a basis for delay here. While counsel lists a series of trials between February and April, none directly conflict with this case's April 8, 2024 trial date. Moreover, in identifying his other trials, counsel does not state whether those trials were scheduled when the trial schedule in this case was set, in which case counsel could have proactively raised the conflict months ago, or whether those trials were scheduled subsequently, in which case counsel could have alerted courts in those other matters as to his conflict. Counsel's schedule of trials even includes two trials set for the same date—March 5, 2024. *See id.* Accordingly, it is not clear which of defense counsel's other trial dates are expected to actually proceed on the represented schedule.

This case has been pending for over three years. The public has a right to a speedy trial, just as the defendant does. Further delay will impede the public's right to a speedy trial in this case. Moreover, the defendant has not made out an adequate basis for the requested continuance. The current defense counsel has been working on this case for six months. The trial schedule set

by the Court allows for an additional three months to prepare a defense. This is substantial and sufficient time to prepare this case for trial. This is not a case where the evidence is "so unusual or so complex" that an additional six-month delay is necessary. 18 U.S.C. § 3161(h)(7)(B)(ii). In substantial part, the defendant's crimes were committed in public, recorded on video, for all to see. The defendant has been repeatedly interviewed by the government and others, signed a Statement of Facts, and testified in another trial, all about her conduct on January 6, 2021. The United States submits that, "taking into account the exercise of due diligence," 18 U.S.C. § 3161(h)(7)(B)(iv), defense counsel can be well prepared for trial by April 8, 2024. Accordingly, no continuance is appropriate, and certainly not the extensive continuance sought by the defendant—taking trial to October 2024 and sentencing to January 2025. To the extent the Court concludes that a continuance is necessary to allow additional time for the defense to prepare for trial, the Court should only grant a continuance substantially shorter than that sought by the defendant.

## IV. Conclusion

For all these reasons, the defendant's motion to stay and continue the case for six months or more should be denied, and the Court should proceed with trial on April 8, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: /s/
ANTHONY W. MARIANO
MA Bar No. 688559
Trial Attorney, Detailee
KIMBERLY L. PASCHALL
D.C. Bar No. 1015665
Assistant United States Attorney
Capitol Siege Section
601 D Street, N.W.,
Washington, D.C. 20530

(202) 476-0319
Anthony.Mariano2@usdoj.gov
(202) 252-2650
Kimberly.Paschall@usdoj.gov